

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LEWIS PRICE, III,

                    Petitioner - Appellant,

    v.

LEROY KIRKEGARD; TIMOTHY C.
FOX, Attorney General,

                    Respondents - Appellees.

No. 13-35155

D.C. No. 1:12-cv-00022-CSO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Carolyn S. Ostby, Magistrate Judge, Presiding

Submitted May 4, 2015[**]
Seattle, Washington

Before: KLEINFELD, GOULD, and CHRISTEN, Circuit Judges.

    Price argues that the prosecution breached the plea agreement in this case by

submitting letters to the sentencing judge that were written by the victim and by a

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

witness.[1]  He relies on  *Santobello v. New York*, 404 U.S. 257 (1971).  Price urges us to adopt his understanding of the plea agreement, which he contends precluded the prosecution from presenting any evidence other than live testimony from the probation officer and the victim.  We do not adopt Price's reading of the plea agreement or agree that the prosecution breached it.  The prosecution recommended the agreed-upon sentence at sentencing, and nothing in the plea agreement's plain language restricted submission of the victim's and witness's letters.  Montana law allows victims to present statements either in writing or under oath during sentencing, and the parties' plea agreement expressly contemplated that the parties would present evidence at sentencing.  Mont. Code. Ann. § 46-18-115; Plea Agreement ¶ 2 ("The parties agree that at the sentencing hearing, the State and the Defendant may present and argue evidence in support of the plea agreement.").  Price's *Santobello* claim fails.

Price further argues that his counsel was ineffective for failing to object to the letters' submission at sentencing.  We disagree.  There is a "doubly deferential" standard that federal courts apply to state court decisions when the Anti-Terrorism

---

[1] The government argues that Price's breach of plea agreement claim is procedurally defaulted.  We need not reach this issue, because this claim "clearly fails on the merits."  *Flournoy v. Small*, 681 F.3d 1000, 1004 n.1 (9th Cir. 2012); *see also Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

and Effective Death Penalty Act (AEDPA) applies to a § 2254 petitioner's *Strickland* claim. Price has not shown that there is no "reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington v. Richter*, 562 U.S. 86, 89 (2011); *see generally Strickland v. Washington*, 466 U.S. 668 (1984). Trial counsel did not object to the letters' submission generally, but he did contest parts of them. There is no reasonable argument that Price's counsel's decision not to object to the letters' submission at sentencing fell outside "the wide range of reasonable professional assistance" that the Sixth Amendment requires. *Strickland*, 466 U.S. at 689. Also, upon any objection to the prosecutor submitting the letters of witness and victim, it is reasonable to think that such objection would have been overruled and the letters considered at sentencing. The state appeals court reasonably could have concluded that neither the deficient lawyer nor the prejudice element of ineffective assistance of counsel under *Strickland* was satisfied. Price's ineffective assistance of counsel claim fails.

**AFFIRMED.**